UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Artis S., | No. 20-cv-1504 (KMM) |
|     Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, *Acting Commissioner of Social Security*, | |
|     Defendant. | |

This matter is before the Court on the parties' cross-motions for summary judgment. [ECF Nos. 16, 19]. The Court held a hearing on the motions on Wednesday, September 8, 2021, and issued a ruling from the bench. As explained during the hearing, the Plaintiff, Artis S.'s motion for summary judgment is denied and the Acting Commissioner of Social Security's motion for summary judgment is granted.

The sole issue in this case is whether the Administrative Law Judge ("ALJ") properly relied on the vocational expert's ("VE") testimony that a person with Mr. S's residual functional capacity ("RFC") could perform the work of a cashier, administrative support clerk, and sorter. Mr. S claims that the ALJ erred because the VE's testimony that Mr. S could do such work conflicts with the description of those jobs in the Dictionary of Occupational Titles ("DOT").

At step five of the sequential evaluation process the Commissioner bears the burden of showing that significant numbers of jobs exist that a person with the claimant's RFC can perform, and an ALJ "may rely on a vocational expert's response to a properly formulated hypothetical question." *Sultan v. Barnhart*, 368 F.3d 857, 864 (8th Cir. 2004). But VE testimony that conflicts with the DOT does not constitute substantial evidence upon which the commissioner may rely to meet the burden of proving the existence of other jobs that a claimant

can perform. *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014). The Eighth Circuit has read Social Security Regulation 00-4p to place on the ALJ an affirmative responsibility to ask the vocational expert if their testimony conflicts with the DOT; if there is an apparent conflict, the ALJ must obtain a reasonable explanation for the conflict before relying on the VE evidence to support a decision that the claimant is disabled. *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014).

Here, the Court finds no apparent conflict between the VE's testimony and the description of the relevant jobs in the DOT or the DOT's Selected Characteristics of Occupations ("SCO"). The RFC in this case included a limitation that Mr. S cannot perform work that requires bilateral use of hand controls. Although the DOT's descriptions of the cashier, support clerk, and sorter positions require "frequent handling," neither the DOT nor the SCO includes any indication that these jobs require bilateral use of hand controls. Similarly, although Mr. S referenced the specific digits of the DOT's coding for the three relevant jobs in his reply brief to suggest that an apparent conflict exists, the Court is not persuaded. These digits do not plainly indicate that the cashier, support clerk, or sorter positions require bilateral use of hand controls.

The exchange between the VE and the ALJ during the administrative hearing clarifying what was meant by the limitation on "bilateral use of hand controls" does not create an apparent conflict between the VE's testimony and the DOT/SCO. [*See* ECF No. 15 at 74–75]. Although the ALJ and VE discussed that hand-control use would involve twisting and turning or gripping and grasping—some of which are terms included in the SCO's definition of "handling"—the ALJ also made clear that the RFC in this case did not prohibit Mr. S from engaging in any reaching, handling, fingering, or use of the extremities. [ECF No. 15 at 83].

Plaintiff's reliance on *Moore v. Colvin*, 769 F.3d 987 (8th Cir. 2014), and *Kemp v. Colvin*, 743 F.3d 630 (8th Cir. 2014), does not change this conclusion. In *Moore* and *Kemp*, the claimants' RFCs provided that they could only reach overhead occasionally, but the VEs testified that both claimants could do jobs that the DOT/SCO described as requiring frequent (*Moore*) or constant (*Kemp*) reaching. "Reaching" is further defined in the SCO as requiring moving the hands and arms in any direction, *Kemp*, 743 F.3d at 632–33, and the frequent and constant modifiers appeared to require more than a person capable of only occasional overhead reaching could do. Thus, the *Moore* and *Kemp* courts found that the VEs' testimony did not constitute substantial evidence on which the ALJs could rely given that nothing in the record in either case resolved the apparent conflict between their testimony and the DOT/SCO descriptions of the relevant jobs. *Moore*, 769 F.3d at 989–90; *Kemp*, 743 F.3d at 632–33.

Unlike those cases, there is no RFC limitation that directly corresponds to a more demanding requirement of the relevant jobs as described in the DOT or the SCO precisely because those descriptions say nothing about the use of bilateral hand controls. "The DOT's silence on a given limitation does not normally create a conflict between a vocational expert's testimony and the DOT…." *Stamper v. Colvin*, 174 F.Supp.3d 1058, 1065 (E.D. Mo. 2016); *Bradford v. Colvin*, 2016 WL 1048980, at * 8 (E.D. Mo. Mar. 11, 2016) ("The DOT does not address operating foot controls and exposure to dog and cat dander. Therefore, no conflict exists as to these issues."); *McCallister v. Astrue*, 2012 WL 4357878, at *9 (E.D. Mo. Sept. 24, 2012) (finding no conflict between the DOT and the vocational expert's testimony where the DOT was silent as to a particular limitation). There was no need for the VE to explain a seeming conflict here because no conflict existed.

For these reasons, Mr. S's motion for summary judgment is denied and the Commissioner's summary judgment motion is granted.

**IT IS SO ORDERED.**

**Let Judgment be entered accordingly.**

Date: September 15, 2021

 *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge
